The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse
280 North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for an opinion on the following two questions regarding the Arkansas Freedom of Information Act ("FOIA"), which can be found at A.C.A. §§ 25-19-101 to 25-19-110 (Repl. 2002 Supp. 2009):
 1. The County Judge's office deals in little or no cash and keeps little on hand. In response to a [FOIA] request, the County Judge required that payment [for copying charges] be tendered by check or cash in the exact amount due. Where these requirements lawful?
 2. Would your opinion be the same if the request was to another county office that does keep sufficient cash on hand such that it could make change?
RESPONSE
I cannot definitively answer either question for two reasons. First, the FOIA is silent on whether custodians must make change for a requester who is paying for copying charges. Second, the most relevant guidance the FOIA provides is very fact-based, and I am not a fact finder when issuing opinions. The FOIA requires custodians provide requestors "reasonable access" and "reasonable comforts": "Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to *Page 2 
any citizen." A.C.A. § 25-19-105(d)(1) (Supp. 2009). Determining whether a custodian has provided "reasonable access . . . and reasonable comforts" requires finding facts. Because I am not a fact finder when issuing opinions, I cannot definitively address your questions.
While each specific situation must be evaluated on a case-by-case basis, it might be helpful to identify a spectrum of conduct that can be used to evaluate a custodian's exact-change policy. The ends of the spectrum indicate conduct that either clearly violates the FOIA or clearly complies with the FOIA, respectively. An example of the former is a custodian's exact-change policy that is adopted in order to inhibit FOIA requests. Such conduct clearly violates the FOIA because it is intended to subvert the FOIA.[1] At the other end of the spectrum would be an exact-change policy that is motivated by the fact that the office has an additional policy to not maintain any cash at all. In this case, the exact-change policy simply reflects the custodian's day-to-day administrative practice.
The scenarios posed by your two questions fall somewhere in the middle of the spectrum. If, as suggested by your first question, the office's usual practices do not require any cash transactions, and the office in fact has insufficient cash on hand to make change, then I believe an exact-change policy would probably withstand scrutiny. Because, as noted above, the FOIA does not explicitly require custodians to make exact change, there is also no requirement under the FOIA that custodians maintain a sufficient amount of cash to make change. If, however, an officedoes keep sufficient cash on hand, whether by official policy or usual practice — which your second question contemplates — then an exact-change policy seems to lack a substantial basis and, consequently, may not provide requestors with "reasonable access."
As you can see, this analysis is highly fact-based, which means each situation must be evaluated on a case-by-case basis with a full knowledge of the facts. This fact-intensive analysis inhibits me from definitively opining about this, and other, specific situations. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Generally speaking, the Arkansas Supreme Court has repeatedly made clear that it will not sanction a procedure that subverts the FOIA. E.g., City of Fayetteville v. Edmark,304 Ark. 179, 801 S.W.2d 275 (1990); Op. Att'y Gen. 2008-190. Therefore, it seems clear that if a custodian adopted an exact-change policy in an attempt to discourage proper FOIA requests, the courts would likely determine that the policy violates the FOIA.